Date signed April 17, 2007



PAUL MANNES
U. S. BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MICHELLE CHORTNEY SHARPE | : | Case No. 02-11091PM |
| | : | Chapter 7 |
| Debtor | : | |
| MICHELLE CHORTNEY SHARPE | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 06-1976PM |
| THE HERTZ CORPORATION | : | |
| NORYCH and TALLIS, LLP | : | |
| Defendants | : | |

## MEMORANDUM OF DECISION

This adversary proceeding was filed on November 29, 2006. Following service of process upon the Defendants, The Hertz Corporation and Norych and Tallis, LLP, no response being filed, a Clerk's Default was entered. The matter came on before the court on April 10, 2007, for a hearing in order to fix the amount of damages awarded the Plaintiff on account of the violation by the creditor The Hertz Corporation and its attorneys, Norych and Tallis, LLP, knowingly and in purposeful violation of the discharge injunction of § 524(a) of the Bankruptcy Code.

Debtor, Michelle Chortney Sharpe, filed the above-captioned bankruptcy case under Chapter 7 on January 28, 2002. The case was a "no-asset case," and she received her Chapter 7 discharge on April 29, 2002. Due notice of the filing of the case and the discharge Order was given to the Defendants. Notwithstanding the discharge, on August 7, 2006, Mitchell B. Tallis wrote to the Debtor and sought to collect this debt and use the processes of the motor vehicle

laws of the State of New York, that resulted in the suspension of her driving privileges by the State of Maryland as well on a reciprocal basis.  The Plaintiff thereupon contacted Mr. Tallis and advised him once again of the bankruptcy filing.  Nonetheless, Mr. Tallis, on behalf of his law firm and its client, The Hertz Corporation, continued their efforts to collect this discharged debt.  This was a knowing and calculated violation of § 524(a)(2) of the Bankruptcy Code that provides:

>    **11 U.S.C. § 524.  Effect of discharge**
>
>    (a) A discharge in a case under this title--
>    *             *             *             *             *
>    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such deb is waived.

Upon being advised by Maryland authorities that she must act first in the State of New York, the Plaintiff went to New York to explain the effect of the bankruptcy discharge to the Motor Vehicle authorities.  She also called at the office of Norych and Tallis, LLP, and Mr. Tallis refused to see her.

It is settled law that a Bankruptcy Court is authorized to invoke § 105 of the Bankruptcy Code to enforce the discharge injunction imposed by § 524 and order damages, including actual damages, attorney's fees and punitive damages, if warranted.  *In re Torres*, 432 F.3d 2027 (CA1 2005); *In re Hardy*, 97 F.3d 1384, 1389-90 (CA11 1996).  Plaintiff has presented satisfactory proof of her entitlement to actual damages, reimbursement for her attorney's fees, and punitive damages.  The contempt is continuing, and each day it continues is another contempt.  On account of the violation of the discharge injunction, Plaintiff was unable to operate her vehicle within the State of Maryland for over four months, and remains unable to operate her vehicle outside of the State of Maryland.  In addition to the award of monetary damages, the court will also require the Defendants to take the steps required to remove immediately all impediments to the restoration of the Plaintiff's driving privileges throughout the United States.

Two other matters are of concern to the court; however, these are not being dealt with directly in this decision.  First, it would appear that the State of Maryland is acting in direct violation of § 525(a) of the Bankruptcy Code in refusing to renew unconditionally the Debtor's

driver's license.  Section 525(a) generally codifies and expands upon the decision of the Supreme Court in *Perez v. Campbell*, 402 U.S. 637 (1971), by providing that a governmental unit may not refuse to renew a license or discriminate with respect to a person who has been a debtor or a bankrupt.  Here, the underlying debt has been discharged, and, as apparently recognized by the New York motor vehicle authorities, the 10-year-old judgment outstanding against the Debtor has been discharged.

Next, this matter comes before the court by way of an adversary proceeding wherein the Debtor seeks monetary recovery against the two offending parties.  As pointed out previously in this Memorandum, the violation of the discharge Order is a form of contempt of court.  As with a violation of the automatic stay of § 362(a), the knowing violation of the discharge injunction is an act of contempt subjecting the contemnor to actual and punitive damages and attorney's fees on account of the violation.  The Debtor testified as to the monetary damages sustained as a result of the continuing violation of the discharge injunction by the Defendants.  A Statement of Damages was filed (Docket Entry #14) that states this claim in detail.

An appropriate order will be entered.

cc:
Andrew G. Wilson II, Eq., 275 West Street, #216, Annapolis, MD 21401
Michelle C. Sharpe, 1609 Airy Hill Court, #D, Crofton, MD 21114
The Hertz Corporation
   (1) c/o Corporation Trust Incorporated, 300 E. Lombard Street, Baltimore, MD 21202
   (2) 660 Madison Avenue, New York, NY 10021
Norych and Tallis LLP, 16 Court Street, #1700, Brooklyn, NY 11241
David H. Hugel, Administrator, Motor Vehicle Administration,
     6601 Ritchie Highway, N.E., Glen Burnie, MD 21062
Douglas F. Gansler, Attorney General, State of Maryland,
     200 Saint Paul Place, Baltimore, MD 21202

**End of Memorandum**